UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRYAN SCHROM, *et al.*,

                              Plaintiffs,

                                                                                       1:16-CV-1367

v.                                                                           (LEK/DJS)

SAINT-GOBAIN PERFORMANCE
PLASTICS CORP., *et al.*,

                              Defendants.
_____

**DANIEL J. STEWART**
**United States Magistrate Judge**

## **DECISION and ORDER**

Defendants have jointly moved to strike the Expert Reports of Dr. John Adgate and Dr. Bruce Charash, prepared for, and served on behalf of, Plaintiff Bryan Schrom. Dkt. No. 105. Counsel for Mr. Schrom has opposed the Motion. Dkt. No. 108, Pl.'s Brief. While counsel acknowledges that the expert reports are untimely, he points out that the delay was relatively short and the remedy of striking the reports is a drastic one and, in Mr. Schrom's case, would effectively end his claims. *Id.* The Court agrees with Plaintiff's position, and therefore denies the Motion to Strike the Expert Reports outright, and instead fashions a lesser remedy which would eliminate any potential prejudice to Defendants.

### **I. PROCEDURAL HISTORY**

Bryan Schrom's case, originally titled *Cynthia Bodenstab, et al. v. Saint-Gobain Performance Plastics Corp., et al.*, was commenced on November 16, 2016. Dkt. No. 1.

In July 2022, Mr. Schrom was selected by Defendants as one of the eight Claimants for the Expert Discovery Pool. *See In Re: Hoosick Falls PFOA Cases*, 19-MC-018, Dkt. No. 91. From the Defendants' perspective, his case presented primarily a claim for diabetes and medical monitoring and was selected for that reason. Dkt. No. 105-1, Defs' Brief at p. 9. During the expert discovery process, Plaintiff's counsel requested an extension of time to submit experts *on the medical monitoring claim*, and that request was granted, extending the deadline first to November 28, 2022, and then again until December 30, 2022. *See* Dkt. Nos. 105-4-105-8. On January 6, 2023, two expert reports on behalf of Mr. Schrom were served by Plaintiff's counsel. Those reports, according to defense counsel, do not relate to any medical monitoring claim, but rather allege a causal relation between Plaintiff's PFOA exposure and his high blood pressure and high cholesterol conditions. *See* Dkt. Nos. 105-11 & 105-12. In addition to maintaining that the expert reports were untimely, even under the previous extensions granted, the Defendants more significant argument is that they feel misled regarding Mr. Schrom's claims. Defs' Brief at pp. 2 & 6-10. In particular, in Mr. Schrom's April 2022 deposition and previously provided fact sheets, Plaintiff indicated only his diabetes as being related to PFOA exposure, and not high blood pressure or elevated cholesterol. *Id.*

In opposition, counsel for Mr. Schrom notes that he and his client are faced with the ever-developing nature of medical science with PFOA and PFAS exposure cases, and that any delay is to be expected and any prejudice can be ameliorated. *See generally*, Pl.'s Brief. Counsel explains that the matter was being reviewed as a medical monitoring case, and Plaintiff's deposition responses reflected that, but during expert review it was

determined that Plaintiff does have a present injury and that "[a]s Mr. Schrom's attorneys, we have a duty to our client to make sure we present his strongest claims." *Id.* at p. 2.

After submission of the Motion, the Court held an extensive telephone conference on May 5, 2023, during which the Court heard from attorney Elissa Preheim on behalf of the Defendants and from Patrick Lanciotti, counsel for Mr. Schrom. Dkt. No 115, Tr. The Court then indicated it would issue an order on this dispute.

## II. ANALYSIS

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires a party to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." FED. R. CIV. P. 26(a)(2)(A). Such disclosure "must be accompanied by a written report - prepared and signed by the witness" which must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B). Furthermore, parties "must make these disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). Pursuant to Rule 37(c), if a party fails to disclose such information, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

In considering whether to preclude an expert's testimony based on the failure to provide timely disclosures, courts consider (1) the reason for the failure to timely disclose, (2) the importance of the testimony, (3) potential prejudice in allowing the testimony, and (4) the availability of a continuance to cure such prejudice. *Softel, Inc. v. Dragon Med.*

*& Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997) (citing *Outley v. City of N.Y.*, 837 F.2d 587, 590-91 (2d Cir. 1988)). "None of these factors are dispositive and each factor is to be balanced against the others in making the determination." *Lab Crafters, Inc. v. Flow Safe, Inc.*, 2007 WL 7034303, at *6 (E.D.N.Y. Oct. 26, 2007).

"The decision to strike an expert disclosure is entrusted to the discretion of the district court." *Regalado v. Ecolab Inc.*, 2016 WL 94139, at *2 (S.D.N.Y. Jan. 7, 2016). "Before the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Outley v. City of New York*, 837 F.2d at 591. Having considered the relevant factors, the Court concludes that complete preclusion of the expert reports is not warranted here.

There is no dispute that Plaintiff's expert disclosure was not timely provided. Pl.'s Brief at p. 5. The excuse offered regarding the untimely disclosure is that "[i]t simply took longer than anticipated for Plaintiff's experts to finalize their opinions given the developing and complex science behind PFAS exposure." *Id.* at p. 9. Given the sophistication of Plaintiff's counsel and the nature of these claims which have involved litigation of this complex science throughout, the Court does not find this a particularly compelling explanation. *Outley*'s first factor, therefore, weighs in favor of preclusion.

From the perspective of defense counsel, however, delay is somewhat of a secondary issue. The primary concern relates to the information provided by Plaintiff that was utilized by defense counsel to select the case for the expert pool, and how the case has now, based upon the untimely expert reports, developed under a different theory.

Plaintiff's opposition to the Motion also does not address in any meaningful way Defendants' arguments regarding the reliance on arguably new theories. The Court recognizes that the expert evidence is critically important to Plaintiff, as discussed during this Court's conference with counsel:

> THE COURT: As far as the prejudice goes, you know, if I strike your expert, that effectively marks the end of Mr. Schrom's case, right?
>
> MR. LANCIOTTI: Yes, your Honor.

Tr. at p. 38. The importance of the expert opinions, of course, only heightens the prejudice to Defendants if Plaintiff were permitted to rely on these reports. The second factor, therefore, does not tip in favor of either party.

The third and fourth factors concern the extent of the prejudice and the availability of a continuance to cure it. "The touchstone for determining whether to exclude an untimely expert report is whether the party opposing their admission is prejudiced." *Lore v. City of Syracuse*, 2005 WL 3095506, at *4 (N.D.N.Y. Nov. 17, 2005) (citing *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 791 (3d Cir. 1994)). Here, the Court finds that there is clear prejudice. There is, however, also a clear remedy for that prejudice. At the recently held conference counsel for the Defendants provided a direct and concise response to the Court's inquiry concerning prejudice:

> THE COURT: So if, as a resolution, we excluded him from the pool and allow you to pick somebody else, does that – – does that alleviate the prejudice to you?
>
> MS. PREHEIM: That would, your Honor.

Tr. at p. 37. Plaintiff's counsel acquiesces to removal of Mr. Schrom's case from the expert pool as well.

> THE COURT: What's your view about eliminating him from the expert pool, replacing him with someone else?
>
> MR. LANCIOTTI: I think, your Honor . . . we are not opposed to that. . .. So I think to answer your Honor's question, we wouldn't oppose that, so long as Mr. Schrom's case is not dismissed with any prejudice, just removed from the pool.

Tr. at p. 38.

Based upon the foregoing, and considering all the arguments made both in the papers and at the Court's conference, the Court denies Defendants' Motion to Strike Mr. Schrom's expert reports. However, in order to alleviate any potential prejudice to the Defendants, the Court removes Mr. Schrom's case from the Expert Pool and returns it back to the Discovery Pool. As the remaining cases in the Discovery Pool have not yet undergone expert discovery, any untimeliness of Mr. Schrom's expert disclosure will no longer be relevant and Mr. Schrom's case will be preserved for another day.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Defendants' Joint Motion to Strike the Expert Reports of Plaintiff Schrom (Dkt. No. 105) is **DENIED**; and it is further

**ORDERED**, that Plaintiff's case is removed from the Expert Discovery Pool and returned to the Fact Discovery Pool; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

**SO ORDERED**.

Dated: May 26, 2023
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge